# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK L. CUNNINGHAM, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-390 |
| GREENSBURG POLICE DEPARTMENT; | ) Judge Arthur J. Schwab/ |
| and Police Officer ZULISKY, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## RECOMMENDATION

It is respectfully recommended that, prior to service, the complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA).

## REPORT

Derrick L. Cunningham ("Plaintiff"), a state prisoner, currently housed at SCI-Chester, has filed a civil rights complaint against the Greensburg Police Department and one of its Officers, by the last name of Zulisky. Plaintiff alleges that Officer Zulisky brought him to the Westmoreland County Prison (WCP) in handcuffs and that, while there, Plaintiff, still in the handcuffs, was attacked by WCP guards in the presence of Officer Zulisky, who did nothing to intervene to protect Plaintiff. Plaintiff alleged that this incident occurred on October 7, 2008. Because Plaintiff did not file the present suit, until, at the earliest, March 23, 2011, which is more than two years after the incident, the complaint is time barred and must be dismissed for failure to state a claim upon which relief can be granted.

**Relevant Factual and Procedural History**

On March 28, 2011, the Clerk's office received from Plaintiff an application to proceed *in forma pauperis* (IFP"), accompanied by a proposed civil rights complaint.[1] The IFP motion was granted and Plaintiff's complaint was filed.

The complaint alleged that on October 7, 2008, at the WCP,

> I had on officer Zulisky's handcuffs behind my back, while he watched prison guards beat [and] torture me sadistically with Deliberate Indifference. Lt. Lowansi gave orders repeatedly to electrocute me, prison guards responded by punching me [and] electrocuting me, with an electric stun gun[] [u]sed by prison guards[.] C.O. Toni Alteri, I emplored [sic] him to stop the other guards. Lt. Hostauffer threatened me that if I told on them he would say[] I assaulted one of them.

ECF No. [3] at 2, ¶ IV.C. Plaintiff alleged that the foregoing states a claim under the Eighth Amendment.[2] By way of relief, Plaintiff seeks damages, and he wants "the officer fired." ECF No. [3] at 3, ¶ VI.

**Applicable Legal Principles**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA, in relevant part, added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court

---

[1] In fact, the Clerk of Court received several different complaints on or around March 25, 2011, most of which concerned the same or surrounding incidences as the incident in the case at bar. Most of these complaints are subject to dismissal on statute of limitations grounds as well and separate orders will be entered.

[2] Because we recommend dismissal of this case on statute of limitations ground, we need not decide whether, at the time of the alleged incident, Plaintiff was an arrestee, a pre-trial detainee, or a convicted prisoner in order to determine which Constitutional amendment governed the alleged incident. See, e.g., Natalie v. Barnett, No. Civ.A. 97-1291, 1998 WL 175890 at *3 (E.D. Pa. April 2, 1998) (discussing differences of arrestee and pre-trial detainee).

shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Here, Plaintiff, at the time of filing this lawsuit,[3] was a prisoner within the meaning of Section 1915A.[4] The Defendants are either a governmental entity or an employee of a governmental entity from whom Plaintiff seeks redress. Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. Nieves v. Dragovich, No. CIV.A. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999) (Table).

In addition, the PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding IFP. The amended version of the statute now

---

[3] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006) ("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

[4] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, and was, at the time of filing this complaint, a prisoner within the meaning of 28 U.S.C. §1915.[5] Thus, Section 1915(e)(2) is also applicable herein. Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pa. Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Nieves v. Dragovich, 1997 WL 698490 at *8.

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Neal v. Pa. Board of Probation and Parole, No. CIV. A. 96-7923, 1997 WL 338838 at *1 (E.D. Pa. June 19, 1997)

---

[5] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

4

("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure in determining whether the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).").

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e), and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, a complaint may properly be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In order to meet the notice pleading requirements of Fed.R.Civ. P. No. 8(a)(2), "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also 5C Wright & Miller, Federal Practice and Procedure § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted).

Under the foregoing standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must a court accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and items appearing in the record of the case when adjudicating a motion to dismiss under Rule 12(b)(6). Winer Family Trust v. Queen, 503 F.3d 319, 328 -29 (3d Cir. 2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994) (in adjudicating motions to dismiss, courts may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.").

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those un-contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is acting *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under 28 U.S.C. §§ 1915A and 1915(e), where the court determines that the facts alleged, which are not contradicted by facts of

which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Although Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the court construes the current complaint as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F.App'x 128, 131 (3d Cir. 2007). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State. Wilson v. Garcia, 471 U.S. at 267 to 275. The Court of Appeals for the Third Circuit has declared that for

7

Section 1983 actions brought in the Federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A Federal District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F.App'x 726 (9th Cir. 2001). Instantly, the bar of the statute of limitations is apparent on the face of Plaintiff's complaint.

Herein, the wrongs complained of by Plaintiff, allegedly occurred on October 7, 2008, and, therefore, accrued then. Plaintiff did not "file"[6] his application to proceed IFP, which would stop the running the of the statute of limitations,[7] until, at the earliest, March 23, 2011, *i.e.*, more than two years and five months after the alleged wrongs were perpetrated by the Defendants at the WCP. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the complaint should

---

[6] Plaintiff's application for IFP status was not signed until March 23, 2011, ECF No. [1] at 1, which is the earliest this court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F.App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[7] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

Plaintiff attached to his complaint a filing entitled "Reason for Extension." ECF No. [3-1] at 1 to 4. In that filing, Plaintiff explained that a lawyer named, Aaron Rihn, whom Plaintiff apparently was attempting to retain to file the instant lawsuit, made several attempts to contact Plaintiff but Plaintiff states that he never received any mail from Attorney Rihn. Plaintiff apparently did receive a letter from Attorney Rihn, dated January 11, 2011, indicating that Attorney Rihn would not be able to take Plaintiff's case. That letter from Attorney Rihn was in response to a letter from Plaintiff dated January 3, 2011. ECF No. [3-2] at 1. Furthermore in that January 11, 2011 letter, Rihn indicates that Plaintiff failed to keep Attorney Rihn informed of his whereabouts. Id. ("We were not aware that at some point in time you were moved to Camp Hill."). Plaintiff indicates that he gave a power of attorney to Attorney Rihn on March 11, 2010. ECF No. [3-1] at 1. Plaintiff further indicates that Attorney Rihn told Plaintiff that Rihn would investigate Plaintiff's case and get something back to Plaintiff within two weeks. Id. Two weeks passed and Plaintiff alleges that he did not receive anything from Attorney Rihn and so Plaintiff wrote Attorney Rihn, not knowing if the letter got to him. Id. Plaintiff concludes the filing, entitled "Reason for Extension" by saying that "[d]ue to Ineffective Counsel [and] mail interruptions, I humbly ask for a 3 to 6 month extension, to obtain proper counsel for my multiple litigations. Until then I'm filing pro se." ECF No. [3-1] at 1.

It seems that Plaintiff is simply requesting, perhaps a stay of this case, until such time has he can acquire appointment of counsel. However, liberally construing the filing entitled "Reason for Extension," it could be that Plaintiff is attempting to invoke the doctrine of equitable tolling.

Even if we considered his contentions to be invoking the doctrine of equitable tolling, we find that Plaintiff has failed to carry his burden to show entitlement to any such equitable tolling.

As explained by the Court of Appeals for the Third Circuit:

> Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." . . . . The plaintiff, however must "exercise due diligence in preserving his claim." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005) (footnote omitted). Moreover, "equitable tolling is permitted only if the party has exercised due diligence throughout the period it seeks to have tolled." Oporto v. Gonzales, 242 F.App'x 756, 758 (2d Cir. 2007); Truxal v. District Attorney of Westmoreland County, No. 08-cv-00934, 2010 WL 411766, at *5 (W.D.Pa. Jan. 28, 2010) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.") (*quoting* Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)). Furthermore, it is the Plaintiff's burden to establish entitlement to equitable tolling. Harris v. Homecomings Financial Services, Inc./Bank One, 377 F.App'x, 240, 243 (3d Cir. 2010) ("In order to equitably toll a statute of limitations, a **plaintiff must establish**, in pertinent part, that the defendant actively misled her about her claims or that some other extraordinary circumstance prevented her from pursuing her claims. Moreover, she must demonstrate that she diligently pursued her claims.") (emphasis added) (citations omitted); Carter v. Keystone, 360 F.App'x 271, 273 (3d Cir. 2010) ("Plaintiff bears the burden to show that equitable tolling is warranted.").

Plaintiff has failed to show that he acted with diligence throughout the time he would need to have tolled. He fails to explain why he could not have filed his complaint *pro se* at some

10

point earlier than he did. In fact, we note that despite any alleged problems with the mail, he was able to file a private criminal complaint against the Defendants as early as September 2, 2010, which was within the applicable statute of limitations. ECF No. [3-2] at 3 to 4. Moreover, we take judicial notice of the fact that as of November 13, 2008, shortly after the alleged incident, Plaintiff apparently posted bond and was released on bond thereafter at least for a little while, until he was again arrested or about April 14, 2009, when his bond was revoked.[8] Plaintiff fails to explain why, during the time that he was at liberty on bond, he could not have filed the complaint. Plaintiff's shortcomings in showing diligence is all the more striking given that he apparently was well aware that he only had two years in which to file. See, e.g., ECF No. [3-1] at 3, ¶8 ("Mind you the 2 year deadline is approaching."). While Plaintiff says that on September 16, 2010, he tried to file a complaint, id., Plaintiff fails to say with whom he tried to file the complaint, and he fails to say what kind of complaint it was he tried to file, i.e., a private criminal complaint or a civil complaint. Nor does he explain what happened when he tried to file the complaint. Such is woefully inadequate to meet Plaintiff's burden to show entitlement to the "extraordinary remedy [of equitable tolling] which should be extended only sparingly." Hedges v. U.S., 404 F.3d at 751.

Accordingly, we find that the complaint is time barred and Plaintiff has failed to meet his burden to show entitlement to equitable tolling. Hence, all of Plaintiff's claims should be

---

[8] The Court takes judicial notice of the dockets of the Court of Common Pleas of Westmoreland County in one of Plaintiff's many criminal cases, Commonwealth v. Derrick Cunningham, No. CP-65-CR-0004761-2008 which is available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-65-CR-0004761-2008

(Site last visited 4/5/2011). Those dockets reveal that Plaintiff posted bond on November 13, 2008 and that on April 14, 2009, there was an order granting the motion to revoke bond.

11

dismissed for failure to state a claim upon which relief can be granted due to them being time barred.

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until April 25, 2011, to file written objections to this report. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

April 6, 2011

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge


cc:  DERRICK L. CUNNINGHAM
    JU-3758
    SCI Chester
    500 East 4th Street
    Chester, PA 19013